Filed 9/12/24 P. v. Divincenzo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, <br>     Plaintiff and Respondent, <br><br> v. <br><br> DARRIN MATTHEW DIVINCENZO, <br>     Defendant and Appellant. | E082704 <br><br> (Super.Ct,No. FVI05479) <br><br> The County of San Bernardino <br><br> ORDER MODIFYING OPINION <br><br> [NO CHANGE IN JUDGMENT] |

_____

THE COURT

The opinion filed in this matter on September 10, 2024 is hereby modified.

On page 8 before the last paragraph which begins with "We therefore conclude", insert the following paragraph:

For the first time at oral argument, the People contended that because stayed prior prison term enhancements like Divincenzo's are now legally invalid, they no longer carry any threat of execution in the future, so *Christianson* and similar cases were wrong to conclude that the striking of such an enhancement results in a "lesser" sentence within the

1

meaning of section 1172.75, subdivision (d)(1). We are not persuaded. The statute requires that resentencing "result in a lesser sentence than the one *originally imposed*." (§ 1172.75, subd. (d)(1), italics added.) When it was originally imposed, the enhancement carried the threat of future execution, so striking the enhancement results in a lesser sentence than the one originally imposed. In addition, we note that subdivision (c) of section 1172.75 requires the trial court to recall the sentence and resentence the defendant if "the court determines that the current judgment includes an enhancement described in subdivision (a)," i.e., an enhancement under subdivision (b) of section 667.5 that was not imposed for a sexually violent offense. Divincenzo's judgment does include such an enhancement (even though it was stayed), so the statute requires that he be resentenced.

Except for this modification, the opinion remains unchanged. This modification does not affect the judgment.

MENETREZ _____

J.

We concur:

CODRINGTON _____

          Acting P. J.

FIELDS _____

          J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082704 |
| v. | (Super.Ct.No. FVI05479) |
| DARRIN MATTHEW DIVINCENZO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael Dauber, Judge.  Reversed with directions.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Darrin Divincenzo appeals from the trial court's order denying his request for resentencing under Penal Code section 1172.75 after the Department of Corrections and Rehabilitation (CDCR) identified him as a person serving time on a judgment that includes a now-invalid prior prison term enhancement. (Unlabeled statutory citations refer to the Penal Code.) The trial court struck Divincenzo's enhancement as invalid but declined to recall his sentence and conduct a full resentencing under section 1172.75, subdivision (d), on the ground that the enhancement was stayed when it was imposed.

On appeal, Divincenzo contends that section 1172.75's resentencing procedure applies to any defendant who is serving prison or jail time on a judgment that includes a now-invalid prior prison term enhancement, regardless of whether the enhancement was originally stayed or executed. We agree. We therefore reverse the order and remand for the trial court to recall Divincenzo's sentence and resentence him under section 1172.75, subdivision (d).

BACKGROUND

In 2000, Divincenzo pled guilty to one count of first degree residential burglary. (§ 459.) He admitted that he had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subd. (a)) and two prior serious felony convictions (§ 667, subd. (a)). He also admitted that he had served a prior term in prison. (Former § 667.5, subd. (b).) At sentencing, the trial court struck the prior serious felony enhancements, imposed but stayed the one-year term for the prior prison term enhancement, and imposed a sentence of 25 years to life under the Three Strikes law for the burglary count.

2

When Divincenzo was sentenced, section 667.5, subdivision (b), required trial courts to impose a one-year enhancement for each true finding on an allegation that the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  (Former § 667.5, subd. (b).)  However, as of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b), to eliminate sentence enhancements for prior prison terms unless the prior terms were for sexually violent offenses.  (Stats. 2019, ch. 590, § 1; *People v. Coddington* (2023) 96 Cal.App.5th 562, 567.)  Two years later, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) to provide a resentencing procedure that extends the prohibition on prior prison term enhancements to all persons currently incarcerated in jail or prison.  (Stats. 2021, ch. 728, § 3.)  The resentencing procedure, set forth in section 1172.75, subdivision (d), requires the trial court to impose "a lesser sentence than the one originally imposed" (unless doing so would endanger public safety) and to apply "any other changes in law that reduce sentences," among other requirements.  (§ 1172.75, subd. (d)(2).)

In May 2023, CDCR notified the trial court that Divincenzo was potentially eligible for resentencing under section 1172.75 because he was serving a term for a judgment that included a now-invalid prior prison term enhancement.  In August 2023, Divincenzo filed a motion asking the court to strike his prior prison term enhancement, recall his sentence, and resentence him under section 1172.75, subdivision (d).  The

People filed an opposition, arguing that section 1172.75 does not apply to Divincenzo, because his enhancement had been stayed, not executed.

The trial court struck the enhancement, concluding that the prior prison term enhancement is now invalid under section 1172.75. However, the court declined to recall Divincenzo's sentence and resentence him. The court concluded that because the enhancement was stayed and not executed, Divincenzo was ineligible for resentencing under section 1172.75.

## DISCUSSION

Divincenzo argues that the trial court correctly concluded that his prior prison term enhancement is now invalid under section 1172.75 but incorrectly concluded that he is ineligible for resentencing under the statute. The People contend that section 1172.75 applies only to imposed and executed prior prison term enhancements and therefore does not apply to Divincenzo's imposed and stayed enhancement. We agree with Divincenzo.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the

4

court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d), describes the resentencing procedure. The resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) In resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).)

5

The parties' dispute concerns the meaning of the word "imposed" in section 1172.75, subdivision (a). Our appellate courts are currently split on the issue. In *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), our court held that "imposed" must be interpreted as shorthand for "imposed and executed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "*a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement*." (*Rhodius*, at pp. 43-45.) Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed," *Rhodius* concluded that if section 1172.75 applied to stayed prior prison term enhancements, then a resentencing court faced with such an enhancement would be forced to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement. (*Rhodius*, at p. 44.) To avoid that outcome, *Rhodius* held that section 1172.75 must be construed to apply only to prior prison term enhancements that were imposed and executed. (*Rhodius*, at p. 44.)

The rest of the appellate decisions to consider this issue have concluded that section 1172.75 applies regardless of whether the imposed prior prison term enhancement was executed or stayed. (*People v. Renteria* (2023) 96 Cal.App.5th 1276; *People v. Christianson* (2023) 97 Cal.App.5th 300, rev. granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, rev. granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*).)

6

*Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius*'s concern about applying section 1172.75 to stayed enhancements was unfounded, because striking a stayed enhancement does result in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1).  As *Christianson* explained, a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated."  (*Christianson*, at p. 312.)  Striking a stayed enhancement reduces the defendant's sentence because it eliminates the risk that the enhancement will be executed in the future.  (*Ibid.*; see also *Saldana*, at p. 1277; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)  Resentencing courts thus would not be required to arbitrarily lower a sentence that included a stayed prior prison term enhancement, because striking the enhancement is sufficient to satisfy the "lesser sentence" mandate of section 1172.75, subdivision (d)(1).  (*Christianson*, at p. 312; *Saldana*, at p. 1277; *Mayberry*, at p. 673.)

Our Supreme Court has granted review to resolve the split.  (*Rhodius*, *supra*, 97 Cal.App.5th 38, rev. granted.)  Pending guidance from the Supreme Court, we agree with the decisions holding that section 1172.75 applies to an imposed prior prison term enhancement regardless of whether the punishment was executed or stayed.  (E.g., *Christianson*, *supra*, 97 Cal.App.5th at p. 315, rev. granted; *Saldana*, *supra*, 97 Cal.App.5th 1270, rev. granted.)  We also agree with *Christianson*, *Saldana*, and

7

*Mayberry* that striking a stayed enhancement results in a lesser sentence because it eliminates the risk that the enhancement will be executed in the future. (*Christianson*, at p. 312; *Saldana*, at p. 1277; *Mayberry*, *supra*, 102 Cal.App.5th at p. 673.)

The People argue that there is no such risk in this case, because Divincenzo's sentence has already been affirmed on direct appeal. We disagree. When the term for an enhancement is stayed, the stay does not become permanent until "the defendant finishes serving the part of the sentence that has not been stayed." (Cal. Rules of Court, rule 4.447(a)(2).) Contrary to the People's argument, direct appeal is not the only circumstance in which an alternately imposed term can be invalidated. For example, and as section 1172.75 itself demonstrates, the Legislature sometimes enacts retroactive changes to sentencing laws. (See *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev. granted [noting that "a stayed term or enhancement . . . is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason"].) Because Divincenzo is still serving the sentence imposed for his burglary conviction, his prior prison term enhancement still "carr[ies] the possibility of execution." (*Mayberry*, *supra*, 102 Cal.App.5th at p. 674.)

We therefore conclude that section 1172.75 applies to Divincenzo's stayed prior prison term enhancement and that, as a result, he is entitled to resentencing under subdivision (d) of the statute. (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].)

DISPOSITION

The trial court's November 30, 2023 order finding Divincenzo ineligible for resentencing under section 1172.75 is reversed. The matter is remanded to the trial court with directions to recall Divincenzo's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>MENETREZ</u>
                 J.

We concur:

<u>CODRINGTON</u>
   Acting P. J.

<u>FIELDS</u>
     J.